UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

FILED
2021 DEC 13  AM 11:00

Mamberto Real (pro se)

Plaintiff,

v.

Judith Moran and Frank Diaz Gines
(Each one of them, individual capacity).
            And
Presbyterian Homes & Housing Foundation
of Florida, Inc., (official capacity).

Defendants.
_____/

Case No.
**JURY TRIAL DEMANDED**

2:21cv926-JLB-MRM

# COMPLAINT
## (Housing Discrimination)

Plaintiff Mamberto Real, ("Real" or "Plaintiff Real" or "Plaintiff"), acting pro se herein sues Judith Moran, and Frank Diaz Gines, ("Defendant Moran" or "Defendant Diaz" or "Defendants"), upon individual capacity, and Presbyterian Homes & Housing Foundation of Florida, Inc., ("Presbyterian" or "Defendant Presbyterian"), upon official capacity, because of **"housing discrimination"**

("All Defendants include Defendant Moran, Defendant Diaz and Presbyterian").

All Defendants are located at Woodward Court Lehigh Acres, FL 33936.

### Background:

On November 18, 2021, this court denied without prejudice Plaintiff Real's second amended Complaint (See Case No. 2: 20 –cv-964- JLB- MRM. Doc. 52)

Therefore, Plaintiff Real states as follows:

1

1.Plaintiff Real is a homeless person in accordance with Florida Statutes 420. 621 (5)(a) and 24. C.F.R.s. 578.3. Plaintiff is a senior of 70 years old.

2. All Defendants Are Federal Financial Assistance Programs providing housing to seniors over 62 years of age.

## JURISDICTION

3. This action presents a federal question. This court has jurisdiction under 28 U.S.C.§ 1331 and 1343(a)(3). This court also has jurisdiction in any civil action pursuant to 28 U.S.C§ 1367, of which the district court has supplemental jurisdiction over all claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution. Such jurisdiction shall include claims that involve the joinder or intervention of additional parties.

## VENUE

4. Venue in this district is proper under 28. U.S.C. 1391(b)(1) and (c) because the events given rise to this claim occurred within the Middle District Fort Myers Division, where all Defendants are located, are functioning, and are residing. The foregoing also applies to the instant Plaintiff.

## PARTIES

5. Plaintiff Mamberto Real is/was at all relevant times a resident of the City of Fort Myers, Lee County Florida. At all relevant times, Defendants were/are duly appropriate acting leasing, agents, employees, servants of Presbyterian Homes & Housing Foundation of Florida, Inc.,

2

## **FACTUAL ALLEGATIONS COMMON TO ALL DEFENDANTS, and COMMON TO ALL CAUSES OF ACTION.**
### **(Plaintiff applying for housing from all Defendants)**

6. Plaintiff Real is first and foremost a disable person of 70 years old.

7. All Defendants provide housing services to seniors over 62 years of age.

8. All Defendants owe a duty to always act in the best interest of its clients, tailored to each individual client's needs. This responsibility includes among other things non-discrimination based on national origin.

9. Plaintiff was a homeless living in his car at the time he was applying for housing from all Defendants. (October 3, 2020).

10. Defendant Moran acting as a leasing agent, told Plaintiff Real that there was a studio apartment available for rent at that time.

11. Defendant Moran provided an application to Plaintiff Real to be completed, and an appointment interview for October 14, 2020, at 9:30 am. Additionally, Defendant Moran also told Plaintiff to bring all the paperwork including a letter from the Social Security Administration corroborating income.

12. On October 13, 2020, approximately 8:30 am, Plaintiff received a phone call from Defendant Moran, asserting that instead October 14, 2020, at 9:30 am, the appointment was changed to October 14, 2020, at 9:00 am, in addition, Defendant Moran also told Plaintiff Real, to bring the money ($305.00), and all necessary information to rent the studio apartment.

13. On October 14, 2020, at 9:am, Plaintiff was present at interview/appointment.

14. During the interview, Defendant Moran asked Plaintiff Real what country he was from. Real replied that he was born in Cuba.

15. Defendant Moran answered that she does not like Cubans people.

16. Plaintiff Real responded that Defendant Moran's response was discriminatory and violated equal protection of the law, in addition Plaintiff Real also said that a person like her should not be working as a leasing agent.

17. Defendant Moran got up from the table, and she said you are disrespecting me, I am going to bring my supervisor.

18. Defendant Diaz arrived at the meeting room approximately 5 minutes later, and he said, my name is Frank Diaz Gines, I am the supervisor of "Ms. Moran." and she told me that you disrespected her. "Mr. Real" how old are you, he asked?

19. Plaintiff Real explained the incident to Defendant Diaz and asserted that he was 69 years old.

20. Defendant Diaz stated that Plaintiff Real qualifies for housing, but Plaintiff Real will be placed in the waiting list that may take up to four years. (See exhibit A)

21. Plaintiff Real responded to the Defendant Diaz, that at that precise moment there was a studio apartment available for rent, and Defendants denied availability for rent because of Plaintiff Real 's national origin, and retaliation.

22. As a condition of their employment and continue employment, all Defendants agree to comply with various policies which prohibited them from using discriminatory action on national origin, because it was a fact that there was a studio apartment available at the time of Real's application/interview.

23. As a condition of receiving Federal Financial Assistance from the Federal Government, Defendants are not entitled to use discrimination based on national origin.

24. As a condition of receiving Federal Financial Assistance from the Federal Government, all Defendants are not entitled to practice discrimination based on national origin.

25. As a condition of their employment and continue employment, all defendants are not entitled to practice retaliation against a person.

26. After the incident between Plaintiff Real and Defendant Moran. Defendants concealed availability for rent against Plaintiff Real based on national origin and retaliation.

27. Plaintiff Real engaged in protected activity when he filed a verbal complaint against Defendant Moran, because of discrimination based on national origin. ***"I do not like Cubans people Defendant Moran exclaimed."*** Defendant Moran owes a duty to act without discrimination on national origin. Defendant Moran denied availability for rent to Plaintiff Real based on national origin and retaliation.

28. Defendant Diaz acting as supervisor denied availability for rent against Plaintiff Real based on retaliation.

29. In order to avoid litigation, Real sent a letter to Defendant Presbyterian to investigate the issue with respect to availability for rent at the time of Plaintiff Real application/interview. Defendant Presbyterian upon official capacity also concealed availability for rent at the time of Real's application/interview. (See exhibit B). Presbyterian acting upon official capacity also covered up the availability of an apartment/studio for rent.

30. On October 26, 2020, Plaintiff Real received a letter acceptance of application from Defendant Diaz, (See exhibit A), the letter states that Plaintiff Real will receive a confirmation notice every 12 months requesting confirmation to remain in the waiting list.

31. On January 1, 2021, Plaintiff Real received another letter waiting list update, from Defendant Diaz, where the waiting time in the waiting list was reduced from 4 years to 9- 12 months approximately. (See Exhibit C).

5

32. At this time more than a year has passed without all Defendants complying with their own polices sending a confirmation notice to Plaintiff Real with respect to remaining in the waiting list. Plaintiff Real has been completely ignored against all Defendants' policies, because of retaliation.

33. All defendants are purposely using endless delays as a means of retaliation against Plaintiff Real. It erodes senior's confidence upon all Defendants providing housing to clients. All Defendants need to provide comprehensive housing to all persons without discrimination or retaliation.

34. Housing Companies receiving Federal Financial Assistance from the Federal Government cannot deny participation on activities and programs based on national origin or retaliation.

35. All Defendants have violated the terms and conditions of its obligations that prohibit discrimination on national origin and retaliation.

36. As a result of all Defendants' wrongful actions, Plaintiff Real was harmed based on national origin and retaliation.

## COUNT 1
## BREACH OR VIOLATION OF FAIR HOUSING ACT, 42 U.S.C.§ 3604(a)(b).
## (Against Judith Moran individual capacity).

37. Plaintiff Real reincorporates and re-alleges the allegations set forth in paragraphs 1 through 36 as though fully set forth herein.

38. Plaintiff Real is entitled not to be discriminated based on national origin.

39. Defendant Moran's exclamation that she does not like Cubans people is discriminatory based on national origin.

40. Defendant Moran concealed availability for rent based of national origin,

6

it is discriminatory and against the law.

41. Defendant Moran's action was willfully perpetrated.

42. Defendant Moran's wrong action was ethnically perpetrated.

43. As a result of Defendant Moran's wrong action Plaintiff Real has been harmed by not obtaining availability for rent.

**Wherefore:** As direct and proximate result of Defendant Moran's wrong action of the breach or violation of 42 U.S.C.§ 3604 (a)(b), as referenced and cited herein, and as a direct result of the prohibited acts perpetrated from Defendant Moran, against Plaintiff Real. Plaintiff Real is entitled to all relief necessary under 42. U.S.C. § 3604(a) (b).

## COUNT 2
## BREACH OR VIOLATION OF U.S.C.§ 3617. RETALIATION
## (Against Judith Moran individual capacity).

44. Plaintiff Real reincorporated and re-alleges the allegations set forth in paragraphs 1 through 36 as though fully set forth herein.

45. It shall be unlawful to interfere with any person in the exercise of enjoyed, of any right granted of protected by section 3604 of this title.

46. Defendant Moran retaliated against Plaintiff Real denying availability for rent, when in fact there was an apartment/studio available for rent.

7

47. Defendant Moran because of Plaintiff Real filed a verbal complaint against her, when she exclaimed **"I *do not like Cubans people.*"** Defendant Moran based on retaliation denied availability for rent against Plaintiff.

48. Defendant Moran is not entitled to practice retaliation against a person seeking housing because the person filed a verbal complaint against her

49. Plaintiff Real was engaged in protected activity in accordance with the law.

50. Plaintiff Real asserts that Defendant Moran cannot retaliate against him when he filed a verbal complaint against her, because of the fact that Plaintiff Real engaged in protected activity.

51. Because of Real verbal complaint against Defendant Moran, during application/interview, he has suffered adverse action, and the adverse action was causally related to the protected activity.

52. Defendant Moran's wrongful action violated the authority vested upon 42 U, S. C. § 3617.

**Wherefore:** As a direct and proximate result of Defendant Moran's wrongful action as referenced and cited herein, and as direct of the prohibited acts perpetrated from Defendant Moran against Plaintiff Real. Plaintiff Real is entitled to all relief necessary under 42 U.S.C. 42 U.S.C. § 3617, Retaliation.

## COUNT 3
## BREACH OR VIOLATION OF TITLE VI OF THE CIVIL RIGHTS ACT OF 1964 42 U.S.C.§2000d et seq., (Against Judith Moran individual capacity)

53. Plaintiff Real reincorporates and re-alleges the allegations set forth in paragraphs 1 through 36 as though fully set forth herein.

54. Plaintiff Real has a right not to be discriminated based on national origin in programs and activities receiving Federal Financial Assistance. Defendant Moran willfully denied Plaintiff Real to participate in programs and activities receiving Federal Financial Assistance from the Federal Government.

55. "Simple justice requires that public funds, to which all taxpayers of all races [color, and national origins] contribute, not be spent in any fashion which encourages, entrenches, subsidizes or results in racial [color or national origin] discrimination."

56. Plaintiff Real has a right to file a lawsuit against Defendant Moran for appropriate relief in Federal Court, because of unlawful action.

57. Titled VI itself prohibits intentional discrimination as the Defendant Moran did against Plaintiff Real.

58. Defendant Moran acting as a leasing agent is receiving Federal Financial Assistance from the Federal Government. Defendant Moran's action denying Plaintiff Real to participate in programs and activities it was intentional, wrongful and unlawful.

59. Defendant Moran's action evidence a disregard of or indifference against Plaintiff Real's rights.

**Wherefore:** As a direct and proximate result of Defendant Moran's wrongful action as referenced and cited herein, and as direct of the prohibited acts perpetrated from Defendant Moran against Plaintiff Real, Plaintiff Real is entitled to all relief necessary under Title VI 42 U.S.C. 2000d et seq.,

## COUNT 4
## BREACH OF VIOLATION OF FAIR HOUSING ACT
## 42 U.S.C.§3604 (a)(b)
## (Against Frank Diaz Gines individual capacity)

60. Plaintiff Real reincorporates and re-alleges the allegations set forth in paragraphs 1 through 36 as though fully set forth herein.

61. Defendant Diaz denied availability for rent to Plaintiff Real, when in fact there was an apartment/studio available for rent at the time of Plaintiff Real's application/interview.

62. Defendant Diaz acting as a supervisor of Defendant Moran, concealed an apartment/studio that was available for rent at the time of Plaintiff Real's application/interview.

63. Defendant Diaz acting as a supervisor of Defendant Moran, placed Plaintiff Real in the waiting list that make take up to 4 years, when in fact at that precise moment there was an apartment/studio available for rent.

64. Defendant Diaz acting as a supervisor of Defendant Moran participated and affirmed the cover-up denying availability for rent against Plaintiff Real at the time of Plaintiff Real application/interview.

65. Defendant Diaz's action was wrongful, intentional, and illegal.

**Wherefore:** As a direct and proximate result of Defendant Diaz's wrongful action as referenced and cited herein, and as direct of the prohibited acts perpetrated from Defendant Diaz against Plaintiff Real. Plaintiff Real is entitled to all relief necessary under 42 U.S.C. §3604 (a)(b).

## COUNT 5
## BREACH OR VIOLATION OF 42 U.S.C. § 3617. REATALIATION
## (Against Frank Diaz Gines individual capacity)

66. Plaintiff Real reincorporates and re-alleges the allegations set forth in paragraphs 1 through 36 as though fully set forth herein.

67. Because of Plaintiff Real's verbal complaint against Defendant Moran during application/interview, Defendant Diaz acting as a supervisor retaliated against Plaintiff Real denying availability for rent.

68. Defendant Diaz acting as a supervisor of Defendant Moran knew firsthand that at the time of Plaintiff Real's application/interview, there was an apartment/ studio available for rent. However, Defendant Diaz chose to hide availability of a studio apartment for rent because of retaliation

69. Because of retaliation Defendant Diaz failed to produce a confirmation notice to Defendant Real to remain in the waiting list every 12 months.

11

70. Defendant Diaz failed to produce a confirmation notice to remain in the waiting list to Plaintiff Real, even when he needs to do that in accordance with its own policies.

71. After more than a year has passed Defendant Diaz failed to produce a confirmation notice to Plaintiff Real with respect to remain in the waiting list in accordance with its own policies. Because of retaliation Defendant Diaz violated its own policies, being against the law.

72. Because of the incident between Plaintiff Real and Defendant Moran and acting as a supervisor of Defendant Moran, Defendant Diaz because of retaliation denied availability for rent against Plaintiff Real.

73. Plaintiff Real alleges (1), that he was engaged in protected activities. (2), that he has suffered adverse action from Defendant Diaz, and (3) the adverse action from Defendant Diaz was causally related to the protected activity.

**Wherefore:** As a direct and proximate result of Defendant Diaz wrongful action as referenced and cited herein, and as direct of the prohibited acts perpetrated from Defendant Diaz against Plaintiff Real. Plaintiff Real is entitled to all relief necessary under 42 U.S.C. § 3617.

## COUNT 6
## BREACH OR VIOLATION OF TITLE VI OF THE CIVIL RIGHTS ACT OF 1964 42 U.S.C. § 2000d et seq.,
## (Against Frank Diaz Gines individual capacity)

Plaintiff Real reincorporates and re-alleges the allegations set forth in paragraphs 1 through 36 as though fully set forth herein.

74. Defendant Diaz is receiving Federal Financial Assistance from the Federal Government.

75. Plaintiff Real is entitled not to be discriminated based on national origin.

76. Plaintiff Real is entitled to participate in activities and programs receiving Federal Financial Assistance.

77. "Simple Justice requires that public funds, to which all taxpayers of all [color, and national origins] contribute, not be spent in any fashion which encourages, entrenches, subsidizes or results in racial [color or national origin] discrimination."

78. Because of national origin, Defendant Diaz acting as a supervisor encouraged to deny to the Plaintiff participation in programs and activities receiving Federal Financial Assistance.

79. Defendant Diaz's action evidence a disregard of or indifference against Plaintiff Real's rights.

80. Defendant Diaz's wrong action as a supervisor was intentional and unlawful. Federal Law prohibits intentional discrimination as Defendant Diaz did against Plaintiff Real.

**Wherefore:** As a direct and proximate result of Defendant Diaz's wrongful action as referenced and cited herein, and as direct of the prohibited acts perpetrated from Defendant Diaz against Plaintiff Real. Plaintiff Real is entitled to all relief necessary under Title VI 42 U.S.C. §2000d et seq.,

## COUNT 7
## BREACH OR VIOLATION OF FAIR HOUSING ACT
## 42 U.S.C §3604 (a)(b). (Against Presbyterian Homes & Housing Foundation of Florida, Inc., official capacity)

81. Plaintiff Real reincorporates and re-alleges the allegations set forth in paragraphs 1 through 36 as though fully set forth herein.

82. Defendant Presbyterian cannot deny intentionally availability for rent to a person seeking housing, because of national origin.

83. During the incident between Plaintiff Real and Defendant Moran; Presbyterian failed to enforce a proper investigation bringing to light, that at the time of Plaintiff Real's application interview there was an apartment studio available for rent, and it was denied based on discrimination/national origin.

84. Presbyterian acting upon official capacity cover-up, the unlawful action from Defendant Moran denying availability for rent to Plaintiff Real.

85. Presbyterian as an employer cannot support employees to deny availability for rent based on national origin.

86. Presbyterian approved the unlawful action from Defendant Moran and Defendant Diaz denying availability for rent against Plaintiff Real.

87. Presbyterian acting upon official capacity has a mandatory duty to provide housing availability to persons without discrimination based on national origin.

**Wherefore:** As a direct and proximate result of Defendant Presbyterian's wrongful action as referenced and cited herein, and as direct of the prohibited acts perpetrated from Defendant Presbyterian against Plaintiff Real. Plaintiff Real is entitled to all relief necessary under 42 U.S.C §3604 (a)(b).

## THE RELIEF SOUGHT

Plaintiff Real demands trial by jury of all issues so triable as of right and consequential damages and such other and further relief deemed just, equitable and proper.

## CERTIFICATION AND CLOSING

Plaintiff Real asserts that this complaint complies with Fed. R. Civ. P. 8 and 10. Real also asserts that under FRCP, by signed below, he certifies to the best of his knowledge, information and believe that the instant complaint,

1) is not being presented by an improper purpose, such harass, cause unnecessary delay, or needless increase the cost of litigation; 2) is supported by existent law or by non- frivolous argument for extending, modifying or reversing existent law; 3) the factual contentions have evidentiary support or if specifically, so identified, will likely have evidentiary support after an opportunity for further investigation, or discovery; 4) and this complaint complies with the requirements of Rule 11.

## CERTIFICATE OF SERVICE

Plaintiff Real certifies that this complaint was delivered by hand to the Office of the Clerk at the United States Courthouse, Federal Building 2110 First ST. Fort Myers, FL 33902. On December _____ 2021

Respectfully submitted:
Mamberto Real
POBOX 1001 Fort Myers, FL 33902
(239) 202-4420
realmamberto@gmail.com