UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MAMBERTO REAL,

    Plaintiff,

v.                                                  Case No:  2:21-cv-926-JLB-KCD

JUDITH MORAN, FRANK DIAZ
GINES, and PRESBYTERIAN
HOMES & HOUSING FOUNDATION
OF FLORIDA, INC.,

    Defendants.
_____

# ORDER

Plaintiff Mamberto Real ("Mr. Real") has sued Defendants Judith Moran ("Ms. Moran"), Frank Diaz Gines ("Mr. Diaz Gines"), and Presbyterian Homes & Housing Foundation of Florida, Inc. ("Presbyterian Homes") (collectively "Defendants") for violations of the Fair Housing Act, 42 U.S.C. § 3604(a)(b), 42 U.S.C. § 3617 and Title VI of the Civil Rights Act of 1964, 42 U.S.C. § 2000d.  (Doc. 1.)  Defendants have moved to dismiss Mr. Real's Complaint arguing that Mr. Real's Complaint fails to comply with the pleading requirements outlined in the Federal Rules of Civil Procedure.  (Doc. 12 at 5–10.)  Mr. Real has responded.  (Doc. 21.) After reviewing the pleadings, the Court agrees with the Defendants.  Between this Complaint, and the three pleadings Mr. Real filed in a previous case premised on nearly identical facts and allegations, Real v. Moran, 2:20-cv-964-JLB-MRM (M.D. Fla.), Mr. Real has had four opportunities to file a pleading that complies with the

Federal Rules of Civil Procedure. Still, he has failed to do so. Accordingly, Mr. Real's Complaint is DISMISSED with prejudice.

## BACKGROUND

### I. Facts

As best the Court could discern from Mr. Real's operative complaint, on October 3, 2020, Mr. Real visited Presbyterian Homes, a housing development in Lehigh Acres, Florida, attempting to rent an apartment. (Doc. 1 at ¶ 9.) While there, he spoke with Ms. Moran, a leasing agent, who allegedly told Mr. Real that there was a studio apartment available for immediate occupancy. (Id. at ¶ 10.) Mr. Real expressed interest in that apartment, and Ms. Moran gave him an application to complete in advance of a further appointment to discuss Mr. Real's financial eligibility for the property. (Id. at ¶ 11.)

At this follow-up appointment, Ms. Moran asked Mr. Real where he was from and, upon learning that Mr. Real was from Cuba, Ms. Moran allegedly told Mr. Real that she "does not like Cubans." (Id. at ¶¶ 14–15.) A heated conversation between Mr. Real and Ms. Moran ensued, leading Ms. Moran to call her supervisor, Mr. Diaz-Gines. (Id. at ¶¶ 16–17.) Mr. Diaz-Gines then offered to place Mr. Real on a waitlist for an apartment but noted that it could take up to four years. (Id. at ¶ 20.) Mr. Real, however, believed that there was an apartment available at the time of his initial interview, but Defendants were not offering it to him because Mr. Real had stated he was Cuban. (Id. at ¶¶ 21–22.) These events led Mr. Real to bring suit against Ms. Moran and Mr. Diaz-Gines in December 2020, asserting that he

was denied an apartment by Defendants because of his national origin. See Real v. Moran, 2:20-cv-964-JLB-MRM, (M.D. Fla. Dec. 7, 2020) at ECF No. 1.

## II.     Procedural History

In that case, the Magistrate Judge found that Mr. Real's Complaint was a shotgun pleading in violation of the minimum pleading standards of the Federal Rules of Civil Procedure and directed him to amend it. Id. at ECF No. 6. Mr. Real then filed an amended complaint, which also failed to conform to the Federal Rules of Civil Procedure. Id. at ECF No. 7. The Magistrate Judge once again directed Mr. Real to amend his complaint, outlining the same defects that it identified in the earlier order. Id. at ECF No. 12. Mr. Real then filed a second amended complaint, which included only minor changes. Id. at ECF No. 13. Defendants moved to dismiss Mr. Real's third attempt at a proper pleading, arguing that it still did not comply with the Federal Rules of Civil Procedure. Id. at ECF No. 19. The Court granted the Defendants' Motion to Dismiss, dismissed Mr. Real's Second Amended Complaint without prejudice, and for the third time explained the ways that Mr. Real's filing did not meet the minimum pleading standards. Id. at ECF No. 52. The Court also denied Mr. Real leave to amend and closed the case. Id.

Less than a month later, Mr. Real brought this case against Ms. Moran and Mr. Diaz-Gines, adding Presbyterian Homes as a Defendant. (Doc. 1.) More than a year has passed since Mr. Real was initially told by Ms. Moran and Mr. Diaz-Gines that no apartments were available for him at Presbyterian Homes, and Mr. Real is still on the waiting list. (Id. at ¶ 32.) On January 1, 2021, Mr. Real received a

3

letter from Mr. Diaz-Gines stating that Mr. Real was ninth on the waiting list, and the estimated wait time to move into an apartment was approximately nine to twelve months.  (Id. at ¶ 31; Doc. 1-3 at 2.)  Mr. Real now claims that Defendants "are purposely using endless delays as a means of retaliation against" him.  (Id. at ¶ 33.)  After careful review, the operative complaint is essentially the same as the complaints Mr. Real made in his prior case, but with the addition of a retaliation claim premised on the fact that Mr. Real is still on the waitlist for an apartment at Presbyterian Homes, a delay that he believes can only be attributed to Defendants' intentional, discriminatory conduct.  (Id. at ¶¶ 32–33.)

## **LEGAL STANDARD**

As in Mr. Real's prior case, Defendants argue that Mr. Real's Complaint should be dismissed because it is a "shotgun pleading" and thus violates the Federal Rules of Civil Procedure.  (Doc. 12 at 5–9.)  Rule 8 mandates that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  And under Rule 10, each "party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b).  Shotgun pleadings in violation of the above are impermissible because they do not "give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." Weiland v. Palm Beach Cnty. Sheriff's Office, 792 F.3d 1313, 1323 (11th Cir. 2015).

The Eleventh Circuit has identified four impermissible types of shotgun

pleadings: (1) a "complaint containing multiple counts where each count adopts the allegations of all proceeding counts"; (2) one "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (3) one that does not separate "each cause of action or claim for relief" into a different count; and (4) one that "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." Id. at 1321–23. "The unifying characteristic of all types of shotgun pleadings is that they fail to one degree or another, and in one way or another, to give the defendants adequate notice of the claims against them on the grounds upon which each claim rests." Id. at 1323.

## DISCUSSION

As was the case in each of Mr. Real's previous pleadings, the Complaint at issue here has aspects of the first and second forms of shotgun pleadings. Each count contains vague and conclusory allegations and is only viable upon the establishment of the claims alleged in the prior counts.

### I.  Mr. Real's Complaint contains a number of impermissibly conclusory allegations.

First, Mr. Real's Complaint is replete with unsupported legal conclusions. For example, Mr. Real uses the term "retaliation" nineteen times in his Complaint to describe the series of events surrounding his attempts to lease an apartment, but Mr. Real provides almost no explanation as to how this retaliation occurred, as is required by the FHA. (See Doc. 1 at ¶¶ 21–36.) Stating a claim for retaliatory

5

housing discrimination requires a plaintiff to allege that defendants coerced, intimidated, threatened, or interfered with his exercise of rights under the FHA. See 42 U.S.C. § 3617. "To establish a prima facie case of retaliation, a plaintiff must show that (1) he engaged in a protected activity; (2) the defendant subjected him to an adverse action; and (3) a causal link exists between the protected activity and the adverse action." Philippeaux v. Apartment Inv. & Mgmt. Co., 598 F. App'x 640, 644 (11th Cir. 2015).

This third element is lacking in Mr. Real's Complaint. Throughout his Complaint, Mr. Real repeatedly states that after his conversation with Ms. Moran and Mr. Diaz-Gines, Ms. Moran and Mr. Diaz-Gines continued to deny the availability of any apartments "based on" or "because of" "retaliation." (Id. at ¶¶ 21, 26–28, 32–33, 47, 68–69, 71–72.) But Mr. Real provides no indication as to how Ms. Moran and Mr. Diaz-Gines's statement that there were no apartments available might have been causally related to his "fil[ing] a verbal complaint against [Ms. Moran]." (Id. at ¶¶ 47–48, 50–51, 67.) For example, in Mr. Real's retaliation count against Ms. Moran, he alleges, "Because of [Mr.] Real['s] verbal complaint against Defendant Moran, during application/interview, he has suffered adverse action, and the adverse action was causally related to the protected activity." (Id. at ¶ 51.)

This is simply not enough to properly plead a claim of housing discrimination as Mr. Real is essentially reporting the elements of a claim under 42 U.S.C. § 3617 without explaining how the facts of his case correlate to the elements of the cause of action created by the statute. Ultimately, "[t]hreadbare recitals of the elements of a

6

cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).  Such a pleading technique violates the Federal Rules of Civil Procedure.  Id.

> **II.   Mr. Real's Complaint makes various claims without citing to any legal proposition to support those claims.**

Mr. Real's Complaint is further defective in that it makes various assertions that are unsupported by the requisite facts or citations.  For example, in the count alleging that Ms. Moran violated Title VI of the Civil Rights Act of 1964, Mr. Real includes a paragraph alleging, "Simple justice requires that public funds, to which all taxpayers of all races [color, and national origins] contribute, not be spent in any fashion which encourages, entrenches, subsidizes or results in racial [color or national origin] discrimination." (Doc. 1 at ¶ 55.)  No citation is provided for this allegation, which appears to be quoting from a statute.

Because Ms. Moran is left to guess at the source of the standard that she is alleged to be violating, she is not adequately put on notice of the specific claims against her and the factual allegations that support those claims.  See Boatman v. Town of Oakland, 76 F.3d 341, 343, n.6 (11th Cir. 1996) (characterizing as a "shotgun pleading" a complaint that failed to place a defendant on notice of what the claim was and the grounds upon which it rested).  Accordingly, this portion of Mr. Real's Complaint is also out of compliance with the pleading standards outlined in the Federal Rules of Civil Procedure.  See Weiland 792 F.3d at 1323.

### III. Mr. Real's Complaint makes various allegations under 42 U.S.C. § 2000(d) but fails to adequately put the defendants on notice as to how each of their conduct would be covered by that statute.

Furthermore, in Mr. Real's third and sixth causes of action, he alleges that the Defendants violated 42 U.S.C. § 2000(d), which provides that, "No person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance." Nowhere, though, does Mr. Real substantiate his allegations that the defendants are receiving federal financial assistance, rendering this statute inapplicable to the Defendants' alleged conduct. (Doc. 1 at ¶¶ 2, 23–24, 54, 58, 74, 78.) Instead, Mr. Real states that "Defendant Diaz is receiving Federal Financial Assistance from the Federal Government" and "All Defendants Are Federal Financial Assistance Programs providing housing to seniors over 62 years of age." (Id. at ¶¶ 2, 74.)

This is quite confusing because, as Defendants note, Mr. Real stated in his prior action that he does not know if Defendants, Ms. Moran and Mr. Diaz-Gines, have received any federal funding. See Real v. Moran et al., 2:20-cv-964-JLB-MRM, (M.D. Fla. Nov. 4, 2021) at ECF No. 47 at 3 (conceding that Mr. Real "does not know if defendants at issue acting as agent, employees, servant, or Presbyterian Homes of South Florida, Inc, are receiving federal assistance").

Further, Mr. Real's citation to 42 U.S.C. § 2000(d) fails to adequately put the Defendants on notice of the specific claims against them and the factual allegations that support those claims because it is unclear which Defendants Mr. Real seeks to

8

hold liable under 42 U.S.C. § 2000(d) and how each of their conduct would be covered by that statute. See Boatman, 76 F.3d at 343 n.6 (characterizing as a "shotgun pleading" a complaint that failed to place a defendant on notice of what the claim was and the grounds upon which it rested). In particular, because the statute in question is directed to "any program or activity receiving Federal financial assistance," not any person or employee receiving such assistance, Ms. Moran and Mr. Diaz-Gines are not proper defendants for alleged violations of this statute. See 42 U.S.C. § 2000(d); Shotz v. City of Plantation, Fla., 344 F.3d 1161, 1171 (11th Cir. 2003) ("It is beyond question, therefore, that individuals are not liable under Title VI.") Thus, Mr. Real's claims based on alleged discrimination in violation of 42 U.S.C. § 2000(d) against "Defendant Diaz" and "[a]ll Defendants" are deficient and characteristic shotgun pleadings in that they fail to place any of the Defendants on notice of the grounds upon which the claims against them rest. Boatman, 76 F.3d at 343 n.6. Ultimately, Complaints making allegations in this style violate the Federal Rules of Civil Procedure. See Jackson v. Bank of America, N.A., 898 F.3d 1348, 1356 (11th Cir. 2018).

### IV. Mr. Real's Complaint impermissibly reincorporates and realleges the same claims and facts in each count.

Finally, the instant Complaint fails to comply with the pleading standards because of the cumulative nature of the allegations in each count. For example, Mr. Real begins each count in his complaint by "reincorporat[ing] and re-alleg[ing] the allegations set forth in paragraphs 1 through 36 as though fully set forth herein." (See Doc. 1 at ¶¶ 37, 44, 53, 60, 66, 74, 81.) While these reincorporations and re-

9

allegations appear cabined to the "facts" portion of his Complaint, because the last five paragraphs in Mr. Real's facts section are entirely comprised of legal conclusions repeated later in his Complaint, Mr. Real winds up merging the same legal claims into each count. (Id. at ¶¶ 32–36.) Thus, by reincorporating and realleging paragraphs 32 through 36 into each count of the Complaint, Mr. Real cumulatively restates allegations of retaliation and discrimination throughout his pleading.

This type of pleading is impermissible because it makes it "virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." Anderson v. District Bd. of Trustees of Cent. Fla. Cmty. Coll., 77 F.3d 364, 366 (11th Cir. 1996). Ultimately, because Mr. Real's Complaint incorporates by reference the preceding paragraphs and counts and "resembles a stream of consciousness that not only fails to specify what factual allegations support what claim" it is a shotgun pleading warranting dismissal. See McMahon v. Hunter, No. 2:06-CV-00179-34DNF, 2007 WL 1952906, at *3 (M.D. Fla. July 2, 2007) (dismissing a complaint as a shotgun pleading where although "the Complaint [did] not fit the traditional description of a 'shotgun pleading,' it [was] the equivalent of a 'shotgun pleading'"); see also Ambrosia Coal & Constr. Co. v. Pages Morales, 368 F.3d 1320, 1330 n. 22 (11th Cir. 2004) (finding a shotgun pleading where "[m]any [counts] adopt the material allegations of the preceding counts or paragraphs such that some counts appear to state more than one cause of action"); Johnson v. City of Fort Lauderdale, 126 F.3d 1372, 1376 n. 4 (11th Cir. 1997) (finding that a complaint

10

was a shotgun pleading where "each of the complaint's nine counts incorporates <u>all</u> of the factual allegations of earlier counts").

### V.     Mr. Real's Complaint should be dismissed with prejudice.

Having found that dismissal of the Mr. Real's Complaint is warranted, the Court turns to whether the Complaint should be dismissed with prejudice. Defendants request that the Court dismiss Mr. Real's Complaint with prejudice, and the Court agrees that such a dismissal is appropriate. (Doc. 12 at 5.) The Eleventh Circuit has explained that it "will not adopt a rule requiring district courts to endure endless shotgun pleadings." <u>Vibe Micro, Inc. v. Shabanets</u>, 878 F.3d 1291, 1297 (11th Cir. 2018). This is true even where the plaintiff is a <u>pro se</u> litigant. <u>See</u> <u>Arrington v. Green</u>, 757 F. App'x 796, 798 (11th Cir. 2018) (finding the district court did not abuse its discretion in dismissing with prejudice the <u>pro se</u> plaintiff's amended complaint after the court informed him of the nature of his shotgun pleading, gave him the opportunity to replead, and the amended complaint "failed to correct the deficiencies previously identified by the district court").

Here, Mr. Real has had four opportunities to properly draft a complaint that complies with the Federal Rules of Civil Procedure. He has received ample guidance from both the Magistrate Judge as well as the undersigned as to how to properly organize his pleadings. Nevertheless, Mr. Real has not been able to draft a permissible Complaint that does not violate the Federal Rules of Civil Procedure. Accordingly, the Court agrees with Defendants that there is no reason to allow Mr. Real another chance to replead in this case. Furthermore, a dismissal with

prejudice—which has preclusive effect as a final judgment on the merits—is necessary given that Mr. Real has already opened two cases before this Court to bring his claims against the Defendants.

## CONCLUSION

For the foregoing reasons, it is ORDERED:

1. Defendant's Motion to Dismiss (Doc. 12) is **GRANTED**.
2. Mr. Real's Complaint is **DISMISSED with prejudice**.
3. The Clerk is **DIRECTED** to close this case.

ORDERED in Fort Myers, Florida on August 10, 2022.

*[signature]*

JOHN L. BADALAMENTI
UNITED STATES DISTRICT JUDGE